IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 10-114
)
KENNETH McGAVITT )

Order on Motion in Limine and Exhibit Chart (Doc. Nos. 34 and 32)

Currently pending before this Court is defendant's motion in limine regarding Federal Rule of Evidence 404(b) evidence of other "real estate transactions by the defendant," and the government's response in opposition thereto. Doc. Nos. 34 and 36. In his motion, defendant argues that the inclusion of this evidence, which is independent from the charged crimes, will cause undue confusion and delay for the jury, will require a trial on uncharged conduct, and that the prejudicial effect of this evidence outweighs its probative value. Doc. No. 34. The Government disagrees, citing *United States v. Green*, 617 F.3d 233 (3d Cir. 2010), for the proposition that the Rule 404(b) is a rule of admissibility (or inclusion), and that, if the four prerequisites to admissibility are met, then the evidence shall be admitted.

In order to survive the test for admissibility under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it. 717 F.3d at 249.

In *Green*, the United States Court of Appeals for the Third Circuit, reiterated its view that under the inclusionary approach to the admission of Rule 404(b) evidence, as long as the proponent could identify *any* non-propensity purpose for introducing the evidence, it was admissible. *Id*. at 244 (footnote and citations omitted).

This Court finds that the 404(b) evidence regarding defendant's dealings with Wesbanco, and his alleged misrepresentations to Wesbanco, are relevant to establish a common scheme or plan to alleviate debt, by making misrepresentations to lenders related to the leases between his companies and VisionQuest, and further, it is probative of defendant's knowledge about how the loan process works, and his intent to defraud.

Therefore, for these reasons, the Court finds that the evidence has a proper evidentiary purpose; it is relevant; and its probative value is not outweighed by its prejudicial effect under Fed. R. Evid. Rule 403.  Moreover, the Court does not find that the evidence would confuse or mislead the jury, nor would it cause undue delay in the proceedings, given the proffer of the government regarding the limited nature of the testimony on this topic.

The Court will include a limiting instruction on the proposed evidence, and the parties shall file a joint instruction regarding the proposed 404(b) evidence, on or before, noon on June 22, 2011, which will be read at the request of the parties, at the appropriate time during trial and/or within the Final Jury Instructions.  (The parties shall identify at which point or points said instruction shall be read).

Accordingly, defendant's motion in limine (doc. no. 34) is HEREBY DENIED.  Based upon the Court's ruling on the motion in limine, defendant's objections to Exhibits 82-89 and 120-150 (doc. no. 32), are OVERRULED.

**SO ORDERED** this 20th day of June, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties