IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-114 |
| | ) | Electronically Filed |
| KENNETH McGAVITT | ) | |

Order on Motion in Limine (Doc. No. 59)

Currently pending before this Court is the government's Motion in Limine seeking to limit the testimony of government witness, "B.R." during the trial of this matter, and defendant's response in opposition thereto. Doc. Nos. 59, 51 and 61. On June 23, 2011, the Court heard oral argument thereon at the Pretrial Conference in this matter, and the parties were ordered to file additional proffers on the issue. After oral argument and further briefing, the Court informed the parties immediately prior to the trial on June 27, 2011 that it would hold any ruling on the admissibility of the prior criminal conduct of witness B.R. until either prior to or after the witness testifies on direct examination. In its motion, the government argues that the testimony relating to the witnesses prior criminal history must be excluded under Fed. R. Evid. 609 and 403, primarily because its prejudicial effect outweighs its probative value. Defendant disagrees and states that the probative value of the evidence is greater than its prejudicial effect. After careful consideration of this matter, and after listening to the direct examination of witness B.R. by the government, the Court will grant the government's Motion in Limine.

According to the parties, in 2006, witness B.R. pleaded guilty to dissemination, illegal use of a communication device, and possession of child pornography. In determining whether the prior conviction of witness B.R. is a proper area for cross-examination under the Federal Rules of Evidence 609 and 403, this Court has considered and weighed the following four

factors: (1) the nature of the prior crime; (2) the age of the prior conviction; (3) the importance of the witness's testimony; and (4) the importance of the witness's credibility. *United States v. Johnson*, 388 F.3d 96, 103-104 (3d Cir. 2004); *United States v. Ivins*, 2010 WL 2635799 (E.D. Pa. June 28, 2010).

The first factor, the nature of the criminal conviction (child pornography), weighs in favor of exclusion. B.R.'s criminal conviction for child pornography is of limited probative value because the evidence of this criminal conviction has very little (if any) bearing upon B.R.'s veracity or credibility. Further, its relative prejudicial value, especially given the nature of the criminal conduct, is great. See *Ivins*, 2010 WL 2635799 (where Court excluded evidence of child pornography conviction of witness finding that it did not weigh heavily on issue of the veracity of the witness and that it had an especially prejudicial effect). The second, third and fourth factors remain neutral in that the conviction occurred approximately five years ago, and the importance of the witness testimony (and credibility), is not particularly critical to the charges.

For these reasons, the Court finds that the prejudicial effect of evidence regarding B.R.'s prior criminal conviction outweighs its probative value. Therefore, the Court hereby **GRANTS** the government's Motion in Limine pursuant to Fed. R. Evid. 609 and 403. Doc. No. 59.

**SO ORDERED** this 28th day of June, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties