IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH McGAVITT,

    Defendant.

Criminal No. 10-00114
Civil No. 14-01079
**ELECTRONICALLY FILED**

# MEMORANDUM OPINION

## I.    Introduction

Before the Court is Petitioner Kenneth McGavitt's Amended *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. Nos. 138 and 160 at Criminal No. 10-00114) and Brief in Support thereof ([Doc. No. 159](#)). After careful consideration of Petitioner's Motion and Brief in Support, the Government's Response thereto, Petitioner's Reply and Affidavit, and the entire record in the case, including the trial transcript of this matter and the sentencing hearing, the Court will deny Petitioner's Motion for relief pursuant to 28 U.S.C. § 2255.

## II.    Procedural Background

On June 9, 2010, Petitioner was indicted and charged with two counts of mail fraud, in the Western District of Pennsylvania, in violation of 18 U.S.C. § 1341. The Government charged that Petitioner committed mail fraud in real estate closing documents that Petitioner's attorneys (Robert E. Lampl) had mailed, through Fed-Ex, to BLX in connection with a $3,000,000 loan, and a check drawn on the proceeds of the BLX loan which Petitioner's

attorney had Fed-Ex'ed to one of his creditors later that same day.

Petitioner pled not guilty, retained Attorney Robert E. Stewart, who filed several motions for extension (only the fifth motion was not granted), and filed numerous pretrial documents, including at least one Motion in Limine. The trial of this matter occurred on June 27, 2011, and concluded on June 29, 2011. The jury deliberated for approximately for 15 minutes and returned a verdict of Guilty on both counts in connection with the alleged fraud on BLX.

After the trial, Attorney Stewart withdrew his representation and Petitioner hired Attorneys Philip DiLucente and James Ecker, to represent him at the sentencing of this matter. On January 17, 2012, this Court sentenced Petitioner to 57 months of incarceration (which represented the low end of the Advisory Guideline Range) at Counts One and Two to be served concurrently, $3,295,717.11 in restitution, and 3 years of supervised release at both counts to be served concurrently. Petitioner then hired Attorney Martin Dietz, who represented him unsuccessfully at the appeal of this matter. On July 24, 2013, the United States Court of Appeals for the Third Circuit issued a non-precedential opinion affirming Petitioner's conviction and finding that there was sufficient evidence to convict Petitioner and that this Court did not err in denying Attorney Stewart's fifth motion to continue the trial (doc. no. 122).

On August 14, 2014, Petitioner filed his original Motion to Vacate Sentence (doc. no. 124), the Government filed its Response (doc. no. 125), and on September 23, 2014, Attorney Stanton Levenson filed his appearance on behalf of Petitioner (doc. no. 127), and the Court had originally set a hearing thereon. After counsel sought to continue the hearing and to amend the uncounseled Motion to Vacate (doc. nos. 130 and 133), the Court permitted counsel

2

to file an Amended Petition no later than April 17, 2015 and continued the hearing pending the filing of the Amended Petition. On March 15, 2015, the counseled Amended Motion to Vacate was filed (doc. no. 138), and then on March 24, 2015, Attorney Levenson filed a Motion to Withdraw as counsel with affidavit in support thereof (doc. no. 142), which the Court granted by Order of March 30, 2015 (doc. no. 148).[1] Petitioner in his *pro se* capacity also filed several motions seeking the Court appoint new counsel, or a friend/surrogate to represent him (doc. nos. 143-145), which the Court denied by Memorandum Order of March 30, 2015. The text of that Order states as follows:

> This is a proceeding brought pursuant to 28 U.S.C. § 2255. The procedural history relevant to the Section 2255 proceedings is as follows. On August 14, 2014, Petitioner filed an uncounseled Motion to Vacate Sentence under 28 U.S.C. § 2255, alleging claims of ineffectiveness of trial counsel (doc. no. 124), after an unsuccessful direct appeal of his conviction/sentence for fraud related offenses under 18 U.S.C. § 1341. Based upon response by Government (doc. no. 125), the Court set an evidentiary hearing thereon for November 10, 2014. On September 23, 2015, Attorney Stanton Levenson entered his appearance (doc. no. 127), and sought to continue the hearing, which the Court granted (thereby resetting the hearing for February 23, 2015). Defendant, through counsel Levenson, filed a Motion to Amend/Correct Motion to Vacate Sentence (doc. no. 133), and the Government responded thereto on February 17, 2015 (doc. no. 134), stating that the February 23, 2015 hearing should be cancelled until counsel for Petitioner was able to file an Amended Counseled Motion to Vacate. The Court then Ordered Petitioner to file an Amended Motion/Petition no later than April 17, 2015 detailing his claims and the basis for those claims; Ordered the Government to respond by May 1, 2015; cancelled the hearing for February 23, 2015 (doc. no. 137); and then, rescheduled the hearing for May 11, 2015. In connection therewith, counsel for Petitioner filed a Writ of Habeas Corpus Ad Testificandum for a proposed witness at the hearing (doc. no. 141) and filed his Amended Motion to Vacate (doc. no. 138).
>   On March 24, 2015, Petitioner, now proceeding *pro se* filed a flurry of motions (doc. nos. 142, 143, 144, and 145) seeking that the Court grant his

---

[1] Petitioner also made allegations of alleged conflict against Attorney Levenson and sought to add allegations in his Petition for Relief. Doc. No. 152. The Court denied that request. Doc. No. 158.

3

Motion to Withdraw counselor Levenson on the basis of a purported conflict of interest. Petitioner filed an affidavit therewith (doc. no. 142-1). The Court observes that Petitioner has retained and subsequently terminated several able counsel of record, including Phillip DiLucente, James Ecker, and Robert Stewart (trial counsel), Martin Dietz (appeal counsel), and presently he seeks to terminate another experienced and well-respected counselor with whom this Court has had numerous criminal proceedings, Stanton Levenson. Counselor Levenson filed a Motion for Leave to Withdraw his Appearance, stating "[i]t is obvious from Defendant's motion, that present counsel can and should no longer represent him." Doc. No. 146.

In light of the nature of the allegations raised by Petitioner in his *pro se* Motion to Withdraw counselor Levinson, and in light of Attorney Levenson's own Motion seeking to withdraw, the Court hereby GRANTS said Motions (doc. nos. 142 and 146). As for Petitioner's "Motion to Supplement/Expand Section 2255 Pursuant to Rule 15(d)," (doc. no. 143), the substance of the allegations he seeks to add relate to allegations of purported misconduct/conflict of interest as to Attorney Levenson, and he seeks to add this "new evidence" to the presentation at the evidentiary hearing. The Court will decline to allow another amended Motion (doc. nos. 143), as the uncounseled Motion to Supplement is sought merely to add another layer of allegations of misconduct against yet another attorney, whose representation was completely collateral to the trial and sentencing proceedings of which he complains, and therefore, not a cognizable basis for relief. The Court will cancel the evidentiary hearing scheduled for May 11, 2015, and will only reschedule, if necessary, once the Government responds to the current motion.

Petitioner also Motions this Court to have a friend ("surrogate") help represent him at the evidentiary hearing (doc. no. 144), and for the Court to appoint yet another counsel to assist his "surrogate" (doc. no. 145) at the hearing. Petitioner has no statutory right to counsel under section 2255 unless and until the Court determines that an evidentiary hearing is warranted under Rule 8(c). Accordingly, the Petitioner's motion to appoint "surrogate" and counsel is hereby DENIED, at this time, unless and until this Court determines that an evidentiary hearing is necessary.

After several further filings by Petitioner, on April 7, 2015, the Court entered the following text Order:

> ORDER denying 152 Pro-Se Motion for Appointment of "Substitute" Counsel as to KENNETH MCGAVITT (1). As stated by prior Order (doc. no. 148 ), Petitioner has no statutory right to counsel unless and until a hearing is determined to be necessary, AND he qualifies to have counsel appointed under

18 U.S.C. Section 3006A, and under Rule 8 of 28 U.S.C. Section 2255. Petitioner previously had retained counsel who was preparing his case for a potential hearing, and he terminated him, through his numerous filings of record. The Court will again decline his request for substitute counsel at this time as a hearing is not currently scheduled, and in any event, he has failed to demonstrate that his financial condition merits appointment of counsel.

Doc. No. 154.

Petitioner then filed a Motion to Reconsider (doc. no. 157), and on April 8, 2015, the Court entered the following (doc. no. 158):

> TEXT ORDER GRANTING IN PART AND DENYING IN PART 157 In Petitioner's Pro Se Motion (doc. no. 157 ), he seeks to Amend/Reconsider the Prior Orders denying him appointment of counsel and not permitting him to amend his Petition to Vacate for a third time. By Order of March 30, 2015, the Court denied his Motion to Amend because he sought to add allegations against Attorney Levenson, which are not germane to the current issues before this Court. To the extent that Petitioner seeks to add allegations against Attorney Levenson, the Motion is DENIED. However, the Court will permit Petitioner to file one further all-inclusive Petition to Vacate. The Petition to Vacate shall be filed by April 20, 2015, with response from Government by May 8, 2015. To the extent Petitioner is seeking reconsideration of Prior Orders denying appointment of new counsel, the Motion to Reconsider is DENIED at this time.

The Court permitted Petitioner to file one all-inclusive pleading and that is what he has done at doc. no 159. In Petitioner's pleading, entitled "Defendant's Pro-Se Brief in Support of his Motion Pursuant to 28 U.S.C. § 2255" (doc. no. 159), he sets forth three grounds for relief allow of which are centered upon trial counsel's alleged ineffectiveness.

## III. Standard of Review

28 U.S.C. § 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992)(*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert. denied* 500 U.S. 954 (1991)). In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day,* 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court must view the factual allegations in the light most favorable to the Petitioner. *Government of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted). However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005)(citations omitted).

In order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (citation omitted). On the other hand, the mere fact that counsel's challenged performance or tactic can be called "strategic" in the sense it was deliberate, does not answer the dispositive question of whether that decision or tactic fell within the wide range of "reasonable professional assistance." *Davidson v. United States,* 951 F.Supp. 555, 558 (W.D.Pa. 1996), *quoting Government of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1431-32 (3d Cir.), *cert. denied* 117 S.Ct. 538 (1996). "Reasonable trial strategy must, by definition, be reasonable." *Davidson,* 951 F.Supp. at 558.

Counsel's strategy must be judged by a standard of reasonableness based on the prevailing norms of the legal profession. *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (*Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214).

7

Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

In the context of a Section 2255 petition for collateral relief, the Unites States Court of Appeals for the Third Circuit has offered the following guidance:

> The . . . test for determining whether a hearing should be held on an ineffectiveness claim is slightly altered by the *Strickland* holding. Our analysis of allegations of ineffectiveness of counsel breaks down into two parts. First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims.

*United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objection standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge v. U.S.,* 554 F.3d 372, 379 (3d Cir. 2009)(*quoting Strickland*, 466 U.S. at 688). As in any other ineffective assistance of counsel context, "[a] reasonable probability is a probability sufficient to undermine confidence in the

8

outcome." *Strickland*, 466 U.S. at 694.

The Court must employ a highly deferential standard, which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)(quoting *Strickland*, 466 U.S. at 689). To rebut this presumption, a Petitioner "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).

Under the second prong (i.e., the prejudice prong), Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694).

As discussed below, there is an exception to the prejudice requirement where there is a conflict of interest. Prejudice is presumed "when counsel is burdened by an actual conflict of interest," but, "only if the Petitioner demonstrates that counsel 'actively represented conflicting interests,'" and that "an actual conflict of interest adversely affects his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 466 U.S. 348, 350 (1980)).

**IV.     Discussion**

    **A.     Ground I of Ineffectiveness**

In the All-Inclusive Petition (doc. nos. 138 and 159), Petitioner's first ground for relief is that his trial counsel was not prepared for trial and was constitutionally ineffective. He

alleges that counsel was unprepared for trial and that he admitted as much on the record. This issue was previously raised in the context of this Court denying counsel's request to continue the trial of this matter, before the United States Court of Appeals for the Third Circuit, in his direct appeal. The Court of Appeals, however, denied that claimed basis for relief and he cannot now relitigate that issue. *United States v. DeRewal*, 10 F.3d 100, 105, n. 4 (3d Cir. 1993).

The record reveals that even though counsel made statements about lack of preparation prior to the trial, at the actual trial, counsel presented an effective defense which included proper and effective cross-examination of the government witnesses. Moreover, Petitioner has not identified what, if anything, trial counsel could or should have done differently, and critically, he has not identified how the result would have changed. His allegations are not grounded with proper factual support and are merely conclusory allegations, which are not sufficient for this Court to possibly grant Petitioner any relief. Furthermore, Petitioner has not demonstrated a reasonable likelihood that had counsel done something differently, the result would have been altered. While not recounting the specific facts of this case, the Court recalls that the Government presented competent evidence of Petitioner's guilt, and the verdict was amply supported by the evidence in this case which included evidence from various independent sources. Petitioner's first ground for relief thus necessarily fails.

### B. Ground II of Ineffectiveness

Petitioner's second claim of alleged ineffectiveness centers upon his trial counsel's alleged failure to interview witnesses, including Mr. Martin Bujaky, Petitioner's former accountant. However, he then states that trial counsel did, in fact, speak with Mr. Bujaky, who allegedly told his trial counsel that Bujaky turned over financial records to mortgage broker

John Daw and that Daw allegedly "enhanced" the documents with inflated number. He then leaps to the conclusion that had trial counsel called Mr. Bujaky, who is now a convicted felon, there is a reasonable probability that Petitioner would have been found not guilty.

In the Government's response, it attaches a copy of the interview report of Mr. Bujaky, as was provided to trial counsel, and the report does not mention anything about Bujaky providing Daw with any fraudulent information in connection with the interim financial statements. After independently reviewing the interview report, the Court sees nothing contained therein as overtly helpful to Petitioner. Therefore, the Court will not question trial counsel's strategic decision to refrain from calling Mr. Bujaky as a witness, and Petitioner's allegations regarding Mr. Bujaky's alleged story does not necessarily comport with the record evidence. Petitioner appears to be claiming that Mr. Bujaky's testimony would have introduced doubts about whether it was Petitioner or instead, Mr. Daw, who altered the VisionQuest lease document after Mr. Bujaky sent information to Mr. Daw, but prior to it being sent to the lender. However, as the Government emphasizes, and this Court agrees, the main document in question (attached as Exhibit S to the Government's Response at [doc. no. 160-19](doc. no. 160-19)) was not a lease at all but an amendment to the lease agreement. The document was not altered, rather the evidence demonstrated that it was a fraudulent document with signatures forged by Petitioner's alleged paramour. The document also included Petitioner's true signature. The conclusion that Mr. Daw was responsible for all parts of this alleged fraud is refuted by the record evidence. After all, the false amendment to the lease was not the only fraudulent document that was associated with the fraudulent BLX loan, there were numerous other documents including the Subordination, Attornment, and Non-Disturbance Agreement, and the Tenant Estoppel Letter,

both of which contained the forged signature of Peter Ranelli (on behalf of Lessee Visionquest), and a fraudulent notary stamp of Jeffrey Walker (who Defendant had used in the past, but Mr. Daw had not). Doc. No. 160-20. All of these documents were sent from Petitioner's office fax machine by his employee, in his building. Assuming true for purposes of argument that Mr. Daw was somehow aware of the fraudulent lease, that purported fact does not come close to excusing Petitioner from criminal responsibility for his actions.

For these reasons, the Court concludes that, taking Petitioner's non-frivolous allegations as true for purposes of this Motion, he cannot establish the prejudice prong of the *Strickland* standard (i.e., he cannot demonstrate a reasonable probability that counsel was constitutionally ineffective or that there is a "reasonable probability that, but for counsel's [alleged] errors," *Hill v. Lockhart*, 474 U.S. 52, 59 (U.S. 1985), that he can "affirmatively establish[] the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

    **C.**    **Ground III of Ineffectiveness – Conflict of Interest**

Finally, Petitioner makes a conclusory claim that his bankruptcy counsel, Robert Lampl, participated in a bankruptcy fraud scheme by concealing assets from the lender. As the Government points out, and this Court agrees, any alleged scheme would have occurred long after Petitioner's fraudulent activities with regard to the lenders on the BLX loan. Petitioner, however, makes the assertion that his trial counsel was aware of Attorney Lampl's alleged fraudulent scheme and yet failed to disclose it to him, therefore, allegedly evidencing a conflict of interest that violated Petitioner's 6th Amendment Rights.

If Petitioner's allegations were to be believed, he would have presented a potentially valid argument that his trial counsel had a conflict of interest. What is notably absent from Petitioner's conclusory allegations is any scintilla of evidence in support of these allegations (other than his own affidavit which was submitted after the fact – see doc. no. 162).

As mentioned in the Standard of Review Section above, the conflict of interest standard diverges somewhat from the ordinary *Strickland* standards for determining issues of ineffective assistance of counsel. As the United States Court of Appeals for the Third Circuit stated in *Hess v. Mazurkiewicz*, 135 F.3d 905 (3d Cir. 1998):

> Specifically, counsel is ineffective if he or she "actively represented conflicting interests," *and an actual conflict of interest adversely affected the lawyer's performance. Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). Unlike the case in which a defendant argues only that counsel pursued flawed trial strategies, if the accused shows that an actual conflict of interest tainted counsel's performance, we will presume prejudice. *Strickland*, 466 U.S. at 692; *United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir.1988) ("To reach the level of constitutional ineffectiveness the conflict must cause some lapse in representation contrary to the defendant's interests but such lapse need not rise to the level of actual prejudice.") (citation omitted). If the accused can establish only a potential conflict of interest, prejudice must be proved. *See U.S. v. Acty*, 77 F.3d 1054, 1057 n.3 (8th Cir.1996); *Stoia v. United States*, 22 F.3d 766, 770 (7th Cir.1994).

> If the district court reaches this claim on remand, [defendant] may show that an actual conflict of interest arose from [counsel's] dual representation if counsel's "interests diverge[d] with respect to a material factual or legal issue or to a course of action such that the attorney finds himself in the untenable position of serving two clients with incompatible needs." *United States v. Pungitore*, 910 F.2d 1084, 1140 (3d Cir.1990) (citations omitted). To do so, [defendant] must identify a plausible defense strategy that could have been pursued, and show that this alternative strategy inherently conflicted with, or was rejected due to, [counsel's] other loyalties or interests. *See Gambino*, 864 F.2d at 1070. Significantly, he need not show that the lapse in representation was so egregious as to violate objective standards for attorney performance. *See id.* (noting that accused may establish a lapse in representation merely by showing counsel rejected a defense that "possessed sufficient substance to be a viable alternative").

135 F.3d at 910 (parallel citations omitted). As rehearsed, under *Strickland*, a Petitioner must demonstrate deficient performance and prejudice, defined as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As Justice Scalia discussed for the plurality in *Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237 (2002), an actual conflict of interests may present an exception to the general rule requiring a Petitioner show prejudice from counsel's performance, but this exception is rather narrow. "Actual conflict of interest," as used in *Cuyler v. Sullivan*, means "precisely a conflict that affected counsel's performance--as opposed to a mere theoretical division of loyalties. It was shorthand for the statement in *Sullivan* that 'a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief.' 446 U.S., at 349-350 (emphasis added)." *Mickens*, 122 S.Ct. at 1243 (Scalia, J., plurality) (parallel citations omitted). Accordingly, "prejudice will be presumed only if the conflict has significantly affected counsel's performance - - thereby rendering the verdict unreliable, even though *Strickland* prejudice cannot be shown.

*See Sullivan, supra*, at 348-349." *Id.*, 122 S.Ct. at 1244 (parallel citations omitted).

Justice Scalia's plurality view is consistent with the conflict of interest analysis applied by the Court of Appeals for the Third Circuit. In *United States v. Kole*, 164 F.3d 164, 175 (3d Cir. 1998), for example, the Court of Appeals it stated that where a claim of ineffective assistance of counsel "rests upon an alleged conflict of interest, defendant 'must identify something that counsel chose to do or not do, as to which he had conflicting duties, and must show that the course taken was influenced by that conflict.'. . . In other words, the defendant must 'show some actual conflict of interest that adversely affected his counsel's performance in order to prevail.'" (citations omitted). *See also Hess, supra.*

Although mindful that the Court must assume the truth of the movant's factual allegations unless frivolous on their face, and that the Court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief, *Day,* 969 F.2d at 41-42, nevertheless, conclusory allegations are insufficient to entitle a movant to a hearing or to relief. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1993). Unsupported allegations of conflict of interests and adverse effect on counsel's performance properly may be denied without a hearing. *United States v. Franklin*, 213 F.Supp. 2d 478, 486 (E.D.Pa. 2002) ("Bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing in habeas corpus matters. *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir.1987); *Moorhead v. United States*, 456 F.2d 992, 996 (3d Cir.1972).")

Petitioner's factual allegations of an actual conflict of interest are vague and conclusory, and are subject to summary dismissal on that ground, even after considering

Petitioner's reply to the government's response in opposition, with his affidavit attached. The Court will assume, for the sake of argument only, that Petitioner has made sufficient allegations of an actual conflict. Nevertheless, Petitioner cannot establish, on the record before the Court, that such a conflict, if it existed, adversely affected counsel's performance. Petitioner has failed to allege with specificity what trial counsel did or failed to do because of this alleged conflict of interest, therefore, no presumption of prejudice applies here. *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. at 446). ("Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.")

### V. Conclusion

Again, in order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance: (i) was in fact deficient, and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland*, 466 U.S. 668, 687, 692 (1984). Petitioner has failed to meet his burden in all regards.

For all of the foregoing reasons, this Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255 and a Certificate of Appealability will be denied. An appropriate order follows.

                                                                                      s/Arthur J. Schwab
                                                                                       Arthur J. Schwab
                                                                                      United States District Judge

cc: All Registered ECF Counsel and Parties

    Kenneth McGavitt
    Register No. 32052-068
    USP Hazelton Camp
    Box 2000
    Bruceton Mills, WV 26525